Houck, J.
The parties here stand in the same relative position as they stood in the. court below.
The plaintiff, John Furrer, in his suit below sought -to recover compensation for personal in *492 juries which he claim's he received on the evening of February 18, 1916, when an electric car operated by the defendant struck a wagon in which he was riding, throwing him to the ground and thereby causing serious and permanent injuries to his body, for which he prayed judgment in the sum of $25,000.
Plaintiff averred in his petition that said injuries were caused without fault or negligence on his part, and averred that they were caused by the negligence of ’the defendant, particularly specifying in hi's petition a number of alleged negligent acts on 'the part of said defendant as being- the proximate cause of the injuries.
The defendant filed an answer in the nature of a general denial, and in addition thereto averred that the plaintiff was himself guilty of negligence directly causing and contributing to the injuries sustained by him in consequence of said collision, in this, to-wit, that he negligently, recklessly and carelessly drove his horse and wag-on upon the track of the defendant company in front of its approaching car, although he knew, or by the exercise of reasonable care on his part should have known, of the approach of said car, and although he was in fact warned by the watchman at- said crossing of the approach of the car in time to have avoided the collision; and that said negligence aforesaid of the plaintiff was the sole proximate cause of the accident'.
The plaintiff filed a reply to the answer of the 'defendant denying each and every aileg-ation therein which was not affirmatively stated as a fact in bis petition.
*493 Upon 'the issues thus raised by the pleadings the •cause proceeded to trial to a jury. After the plaintiff had offered his evidence and rested his case the defendant moved the court for a directed verdict for the reason that plaintiff had not sustained the allegations of his petition by that degree of proof which the law requires. The trial judge sustained the motion and a judgment for the defendant was rendered.
The plaintiff in error now seeks a reversal of the judgment below and relies upon the following grounds:
First. The exclusion of certain evidence by the trial court. .
Second. Error in sustaining the motion for a directed verdict.
We have read the bill of exceptions in .this case and have given all the grounds of 'alleged error careful consideration. Counsel for plaintiff in error urges that the trial court erred in excluding testimony as to the rate of speed cars generally, traveled over the crossing where the accident occurred; also as to whether or not cars generally passing over the crossing in question did so with or without headlights.
The issue raised by the pleadings was as to whether or not this particular car was running at a high and dangerous rate of speed, and in excess of the rate provided by the city ordinance; also whether or not it had a proper headlight at said-time. The record fails to show any such proof as to the car in question, and'certainly the trial judge did not err when he refused to admit testimony tending to establish these facts as to other cars *494 than the one that is claimed to have caused the injuries to plaintiff. The record fails to show any evidence to establish these facts as to this car, and, further, there being no evidence offered in the case fixing the rate of speed at which said car was traveling at the time of the collision, the court was not in error when it refused to admit in evidence a ci'ty ordinance regulating the -speed of electric cars while being operated within the city limits of Toledo, Ohio.
Counsel for plaintiff in error insists that the trial judge erred in directing.a verdict for the defendant when the plaintiff below had rested his case; and insists, where the facts necessary to a determination of the issues involved are in dispute, or where there is a conflict in the evidence as to the material facts, and some of the questions of fact are of such "a character that different minds might arrive at different conclusions, that then these facts must be submitted to the jury to be passed upon and determined by it.
This is a sound proposition of law, but is not applicable to the proven facts in this case. The facts here are not in dispute. No evidence was offered except by the plaintiff, and the motion for a directed verdict in effect was a demurrer to the evidence. So far as the motion was concerned,, its legal effect was that defendant admitted all the proven facts; but, in so doing, contended that in law they were not sufficient' to warrant the relief prayed for in the petition of plaintiff. Our examination of the bill of exceptions and the entire record in this case convinces us that the claim of the defendant is well taken.
*495 We 'think the injuries received by plaintiff were the result of an accident which was unavoidable, an'd for which no one in law is liable in damages.
Finding no error in the record prejudicial to the rights of the plaintiff in error, the judgment of the court of common pleas must be affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.
Judges of the Fifth Appellate District, sitting in place of Judges Chittenden, Kinkade and Richards of the Sixth Appellate District.,